OPINION
{¶ 1} Appellant Ian Mayers appeals his conviction in the Canton Municipal Court on one count of driving under the influence in violation of R.C. 4511.19 (A). Appellee is the State of Ohio.
 {¶ 2} On December 2, 2003, Deputy Crawford of the Stark County Sheriff's Department responded to a burglary in progress call in the area of Peach Street in Nimishillen Township. Deputy Crawford has been a sheriff's deputy for three years and was accompanied by his field training officer Deputy Tedrick. The dispatcher advised Deputy Crawford of the vehicle description and the license plate number of the burglary suspect.
 {¶ 3} As the deputies approached the residence where the burglary had occurred, they notice a vehicle matching the description of the suspect vehicle past them. Deputy Crawford immediately effectuated a traffic stop of the suspect's vehicle and removed all three occupants. Appellant was driving the vehicle at the time of the stop and an open contain was found in the car. The three people were placed in separate police cars while the deputies conducted the investigation.
 {¶ 4} Appellant was placed in Deputy Crawford's vehicle for further questioning. Deputy Crawford had a video recorder in his police cruiser which was able to document all the events of the evening.
 {¶ 5} Deputy Crawford ran a check of all the passenger's names to ascertain if they had any active warrants. After checking appellant's name, Deputy Crawford learned that his driver's license was under suspension. Sometime after Deputy Crawford finished checking information he returned to the cruiser which appellant was sitting and noticed an odor of alcohol on the appellant. Appellant was then advised of his rights and placed under arrest for driving under a suspended license.
 {¶ 6} At this time, Deputy Tedrick began asking appellant questions regarding is intoxication. Upon being asked how much he had to drink, appellant responded, "Not enough". Since appellant was already in handcuffs due to his arrest for driving under a suspended license, the deputies did not have him perform any field sobriety tests. Appellant was transported to the Stark County Jail for booking. Upon arrival at the Stark County Jail, Deputy Tedrick administered the horizontal gaze nystagmus (HGN) test. Appellant was given the opportunity to take a breath test. At the conclusion of the test, appellant was placed under arrest for OVI.
 {¶ 7} The trial court suppressed the results of the HGN test, This test was suppressed by the trial court for not conforming to the guidelines established by NHTSA The trial court overruled appellant's motion to suppress and found that the officers had probable cause to arrest appellant for OVI.
 {¶ 8} On May 19, 2004, appellant appeared before the trial court and entered a plea of no-contest to the charges of driving under the influence of alcohol in violation of R.C. 4511.19 and driving on an FRA suspension in violation of R.C. 4507.02. The trial court ordered appellant to pay a fine of $650 and court costs. Appellant was ordered to serve 180 days in jail. All but 71 of the jail days were suspended on condition of appellant's good behavior for two years. Appellant was given credit for one day served. He was ordered to complete 55 days on an electronically monitored house arrest, and 20 days in the Stark County Jail. The trial court further ordered appellant to complete 25 hours community service. Appellant's driving privileges were suspended for a term of 3 years.
 {¶ 9} Appellant timely appealed and has raised the following sole assignment of error for our consideration:
 {¶ 10} "I. The trial court erred when it found there was probable cause to arrest appellant for operating a motor vehicle based upon an odor of alcohol and a statement that he had not consumed enough alcohol to become intoxicated."
 I. {¶ 11} In his sole assignment of error, Appellant argues that the trial court erred in overruling his motion to suppress. We disagree.
 {¶ 12} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App. 3d 93, 96; State v. Claytor (1993), 85 Ohio App. 3d 623, 627; State v. Guysinger (1993),86 Ohio App. 3d 592.
 {¶ 13} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
 {¶ 14} Appellant argues that Deputies Crawford and Tedrick did not have probable cause to arrest him for OVI due to the lack of evidence of impairment or erratic driving.
 {¶ 15} Appellant properly does not contest the propriety of the initial stop or the arrest of appellant for driving under suspension. Likewise, no appeal has been taken from the trial court's ruling suppressing the results of the HGN test because the test was not conducted in either strict or substantial compliance with the NHTSA standards. The narrow issue on this appeal is, therefore, whether the officers had probable cause to arrest appellant for OVI.
 {¶ 16} Upon a review of the record in the case at bar, we find that the appellant was not arrested for OVI until after the administration of the breathalyzer test. Specifically, the following exchange occurred during the hearing on appellant's motion to suppress:
 {¶ 17} "Q. After he [appellant] was placed under arrest he was then requested, or given the opportunity to take the breath test, is that correct?
 {¶ 18} "A. He took the breath test prior to being placed under arrest for DUI.
 {¶ 19} "Q. He took the breath test prior to being placed under arrest for DUI?
 {¶ 20} "A. Yes, we already had him under arrest for driving under suspension.
 {¶ 21} "Q. So he [appellant] was not under arrest then for driving under the influence of alcohol when the breath test was requested of him, is that correct?
 {¶ 22} "A. Correct."
 {¶ 23} (T. at 34). The record reveals that appellant's test result was a .143. Accordingly, the test result provided the officers with the requisite probable cause to arrest appellant for OVI.
 {¶ 24} The trial court did not err in denying Appellant's motion to suppress. Appellant's sole assignment of error is not well-taken and we hereby overrule same.
 {¶ 25} The judgment and conviction of the trial court is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment and conviction of the trial court is affirmed. Costs to appellant.